**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TAVON GIDDINS | : |
|     Plaintiff | : |
| v | :    Civil Action No. JFM-06-3232 |
| WARDEN OF WCI, *et al.* | : |
|     Defendants | : |

o0o

**MEMORANDUM**

Pending in this civil rights case is defendants' motion to dismiss or for summary judgment. Paper No. 10. Although plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, he has filed nothing opposing the motion. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, will be granted.

**Background**

Plaintiff alleges that on October 5, 2005, while incarcerated at Western Correctional Institution (WCI), he was stabbed 17 times by three inmates who ran into his cell when the door was opened for recreation. Paper No. 1 at p. 4. He states he screamed for help during the attack but no one responded. *Id*. He claims his assailants were in the cell for over six minutes and there were no officers in the area to protect him from the assault. *Id*. As a result of the attack, plaintiff states he suffered physical pain as well as post traumatic stress disorder (PTSD). *Id*. He claims he received treatment for PTSD while confined at Maryland Correctional Training Center (MCTC). *Id*.

Defendants admit plaintiff was attacked by inmates while in his cell. They state the assault was discovered by Officer Detrick, who received an anonymous note stating that an assault had

occurred. Paper No. 10 at Ex. 1, p. 6. Upon arriving at plaintiff's cell, Detrick saw plaintiff on the floor attempting to clean what appeared to be blood. *Id*. Detrick also noticed blood on plaintiff's arm and face. *id*. Plaintiff was placed in handcuffs and escorted to the medical unit for treatment of his wounds, all of which were superficial. *Id*. at Ex. 4. Investigation into the incident included an interview of plaintiff who claimed he didn't know anything and that his cell mate was asleep during the assault. *Id*. at Ex. 1, p. 23. As a result of the investigation two inmates, Patterson and Randall, were identified as possible assailants. *Id*. at p. 6. The two men were placed on administrative segregation pending adjustment. Plaintiff was moved to another housing unit and later transferred to a different prison. *Id*.

### Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

2

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

In order to prevail on an Eighth Amendment claim alleging a failure to protect, plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive

3

and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

The assault on plaintiff was serious. There is no evidence, however, that defendants knew of an excessive risk to plaintiff's safety which they ignored. Plaintiff's claim that the failure to have officers posted in the area of his cell was a breach of security permitting the assault to occur. Prisons are dangerous places where the risk of assault is always present. The fact that an assault occurs does not automatically impose liability on prison officials. To the extent that an officer was not at an assigned post, the claim is one of negligence which is insufficient to establish a constitutional claim under *Farmer* and its progeny. Plaintiff has failed to allege facts indicating that he was exposed to an excessive risk of serious harm. Accordingly, defendants are entitled to summary judgment. A separate order follows.

August 3, 2007              /s/
   Date                      J. Frederick Motz
                             United States District Judge